**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES F. EDDINS II,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 26-00138-KD-MU** |
| | ) | |
| **KESTRA FINANCIAL, INC., and KESTRA INVESTMENT SERVICES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This action is before the Court on the Motion to Dismiss[1] filed by Defendants Kestra Financial, Inc. and Kestra Investment Services, LLC (Defendants) (doc. 6), Plaintiff James F. Eddins II's Response in opposition (doc. 9), Defendants' Reply (doc. 12), and Eddins' Surreply (doc. 13).

I. Background

A. The parties

Kestra Investment Services, LLC. ("KIS") is a broker-dealer registered with Financial Industry Regulatory Authority ("FINRA")[2] and Kestra Financial, Inc. is the parent company and sole member for KIS (collectively "Defendants"), James Frances Eddins II was a registered representative financial advisor with KIS. Defendants are citizens of Texas and Delaware with

[1] Defendants' alternative motion to stay pending a ruling from the Western District of Texas shall be addressed by separate order.

[2] FINRA is a "self-regulatory organization for member broker-dealers that is responsible under federal law for supervising [its] member firms" and is overseen by the Securities and Exchange Commission. https://www.finra.org/about.

their principal place of business in Austin, Texas, in the Western District of Texas. Eddins resides in Baldwin County and is a citizen of Alabama. Eddins does not dispute that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 (doc. 3).

B. The arbitration

In June 2021, Eddins entered into a Registered Representative Agreement with KIS which created an independent contractor relationship. The RR Agreement contained an arbitration provision. In relevant part, Eddins agreed to submit any disputes or controversies between Eddins and KIS "to binding arbitration pursuant to FINRA rules and its Code of Arbitration Procedure" and Eddins agreed that he would "accept" the decision and award "as binding and conclusive and [would] abide thereby." (doc. 6-1, p. 26-30)

On or about July 25, 2021, Eddins entered into a Promissory Note with Kestra, wherein he received a loan from Kestra in the amount of $237,500 (doc. 6-1, p. 15-24) The Note provided that upon termination of his registration with KIS, the remaining unpaid principal and interest due on the Note would become payable immediately. Relevant here, the Registered Representative Agreement with KIS also provided that any commissions, such as charged back commissions, owed to KIS were payable immediately upon termination of the Agreement.

On or about November 19, 2024, Eddins' Agreement was terminated by KIS. According to the terms of the Promissory Note and the Agreement, the unpaid principal and interest on the Note, including any chargeback commissions owed to KIS, became immediately due. When Eddins failed to pay, Defendants KIS and Kestra instituted arbitration proceedings.

An arbitration pursuant to FINRA was conducted in New Orleans, Louisiana. On December 24, 2025, the arbitrator issued an award in Defendants favor in the amount $210,619.82, plus post-judgment interest (doc. 6-1, p. 10-13).

C. The Texas litigation

On March 6, 2026, at 8:27 a.m., Defendants filed a Petition to Confirm Arbitration Award pursuant to 9 U.S.C. § 9 in the Western District of Texas ("Texas"). See Kestra Financial, Inc., et al. v. Eddins, Civil Action No. 26-00552-RP (W.D. Tex. 2026) (doc. 1) (see also doc. 6-1, p. 2-8, in this action). Also, on March 6, 2026 at 3:02 p.m., Eddins filed a related civil action in an Alabama state court. See, infra.

On March 31, 2026, Eddins filed a Response in Opposition to the Petition to Confirm and a Cross-Motion to Vacate the Award under 9 U.S.C. § 10 (Id., doc. 5); see also doc. 6-3, in this action). Defendants filed a Reply (Id., doc. 6).

On May 7, 2026, Defendants filed a Motion to Enjoin or Consolidate [Eddins'] Alabama Lawsuit. (Id., doc. 7). Relying upon the first-filed rule, Defendants argue that the duplicative litigation should proceed in Texas, and that Texas, as the court where the first action was filed is the proper forum to decide whether the first-filed rule applies and what relief is appropriate. (Id.) In response, Eddins filed a Motion to Respond out of Time and Response (Id., doc. 14). Defendants opposed his Motion (Id., doc. 15). Eddins file a Reply (Id., doc. 16).

Eddins moved the District Court in Texas to stay all proceedings – including a decision on Defendants' Petition to Confirm and Motion to Enjoin or Consolidate – "until the earlier of (a) resolution of the § 1404(a) transfer cross motions" filed in both courts, "or (b) resolution of [Eddins'] § 10 motions to vacate." (Id., doc. 17, p. 3). Defendants filed an opposition (Id., doc. 21) and Eddins filed a reply and Corrected Notice of filing Supplemental Facts arising after Completion of Briefing (Id., docs. 22, 24).

On July 8, 2026, the pending motions in Texas were referred to the Magistrate Judge for a report and recommendation. However, the Petition to Confirm Arbitration Award remains with the District Judge in Texas.

D. The Alabama litigation

On March 6, 2026, at 3:02 p.m., Eddins filed a Notice of Appeal of the arbitration award in the Circuit Court of Baldwin County, Alabama, Civil Action No. 05-CV-2026-900396. Eddins filed pursuant to Alabama Rule of Civil Procedure 71B which sets out the procedures for filing a Notice of Appeal of an arbitration award.[3]

On April 14, 2026, Defendants removed the Notice of Appeal from the Circuit Court of Baldwin County, on grounds of diversity jurisdiction (doc. 1). On April 16, 2026, Eddins filed an Answer to the Notice of Removal, Counterclaim, and Motion to Vacate the Arbitration Award pursuant to 9 U.S.C. § 10 of the Federal Arbitration Act (FAA) (doc. 3).[4]

Defendants move to dismiss the Notice of Appeal pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue and Rule 12(b)(6) for failure to state a claim upon which relief can be granted (doc. 6). Defendants argue that the Notice of Appeal is not timely under Ala. R. Civ. P. 71B, and because of venue provisions in the Rule, it cannot be filed in Alabama. Alternatively, they move the Court to stay this action pending a decision by the District Court in Texas on their motion to

---

[3] Rule 71B literally provides the Who, When, Where, What and How to appeal an arbitration award. After the Notice of Appeal is filed, the "clerk of the circuit court promptly shall enter the award as the final judgment of the court" and then the "party opposed to the award may file, in accordance with Rule 59, a motion to set aside or vacate the judgment based upon one or more of the grounds specified in Ala. Code 1975 § 6-6-14, or other applicable law." The docket indicates that the action was removed before the Clerk entered the award as a final judgment.

[4] Eddins' Answer and Counterclaim are moot. The Notice of Removal is not a complaint. To the extent that the answer and counterclaim could be considered a "repleading" of the Notice of Appeal, "repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c)(2) ("Removed Actions" … "Further Pleading").

enjoin Eddins from pursuing this action. Defendants did not address the Answer, Counterclaim, or Motion to Vacate.

Eddins opposes the Motion to Dismiss (doc. 9, 10). He argues that the Motion is directed to the Notice of Appeal which has been superseded by his Answer, Counterclaim and Motion to Vacate Arbitration Award (doc. 3) that is now the "operative pleading" (doc. 9, p. 3). Eddins concedes certain deficiencies in his Notice of Appeal. However, he argues that because Defendants removed the action to federal court, and because venue is proper in this district pursuant to 28 U.S.C. § 1441(a), federal law now applies and even if the Notice of Appeal is dismissed, his Answer, Counterclaim and Motion to Vacate remain pending.[5] Eddins also argues that his Notice of Appeal is timely because the three-month deadline in 9 U.S.C. § 12 now applies, or alternatively, the lapse of four calendar days after the thirty-day limit in Ala. R. Civ. P.71B is equitably tolled.[6]

In Reply, Defendants argue that Eddins cannot assert in his opposition, "new Federal Arbitration Act ("FAA") theories, irrelevant and false allegations, and legal arguments that were never pleaded" in the Notice of Appeal (doc. 12). They also argue that the 30-day time limit for the Notice of Appeal is not subject to tolling, and thus, Eddins' Notice of Appeal was untimely. Defendants also argue that by removing the action to federal court, they did not waive the right to challenge venue after removal.

---

[5] Eddins points out that a "motion to dismiss that targets only one of two operative pleadings cannot, as a matter of basic civil procedure, dispose of the unaddressed pleading. Cf. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004) (describing the limited reach of Rule 12(b)(6) motions to challenged claims)" (doc. 9, p. 10).

[6] Eddins also moves this Court to transfer the first-filed action from Texas to the Southern District of Alabama for consolidation with this action (doc. 9, p. 34-35, doc. 10). Eddins' alternative Motion to Transfer (doc. 9), his Cross Motion to Transfer same (doc. 10), Defendants' argument that Texas, as the first-filed forum, is the appropriate venue (doc. 12), and Eddins' Reply (doc. 13), will be addressed by separate Order.

In his Surreply, Eddins argues that the issue no longer is the timeliness of his Notice of Appeal, but instead, because Defendants removed this action to federal court, the issue is now whether his Motion to Vacate is timely (doc. 13, p. 1-2). Eddins argues that his Motion to Vacate is the operative pleading and that it was timely filed under 9 U.S.C. § 12 (Id., p. 3-6, 8-9). He also points out that his claims under 9 U.S.C. § 10 were pled in his Motion to Vacate and not raised for the first time in his Opposition. He also argues that his Motion to Vacate remains pending before the Court (Id., p. 2-3).

II. Defendants' Motion to Dismiss

Defendants seek dismissal of the Notice of Appeal pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted and Rule 12(b)(3), for improper venue. Defendants did not move to dismiss Eddins' Motion to Vacate pursuant to 9 U.S.C. § 10 (doc. 3). Thus, the Court addresses only whether the Notice of Appeal should be dismissed.

A. Rule 12(b)(6)

Defendants argue that Eddins has failed to state a claim upon which relief can be granted because he did not comply with the strict requirements of Ala. R. Civ. P. 71B, captioned "Appeals from Arbitration Awards". Specifically, that he did not timely file his Notice of Appeal within 30 days of service of the arbitration decision as required by Ala. R. Civ. P. 71B(b)[7] and because the Circuit Court of Baldwin County is not the "county where the award is made" as required in Ala. R. Civ. P. 71B(c)[8] (doc. 6). Defendants argue that Eddins has no

---

[7] (b) When Filed. The notice of appeal shall be filed within thirty (30) days after service of notice of the arbitration award. Failure to file within thirty (30) days shall constitute a waiver of the right to review.

[8] "(c) Where Filed. The notice of appeal shall be filed with the clerk of the circuit court where the action underlying the arbitration is pending or if no action is pending in the circuit court, then in the office of the clerk of the circuit court of the county where the award is made."

plausible claim for relief under Alabama Rule 71B because the strict requirements of the Rule are not met.

In response, Eddins concedes that his Notice of Appeal under Rule 71B did not meet the Rule's requirements. However, he argues that the "operative pleading" is now his "Answer to Notice of Removal, Counterclaim, and Motion to Vacate Arbitration Award pursuant to 9 U.S.C. § 10" (doc. 9, citing doc. 3). Eddins states that

> Kestra's Motion to Dismiss (Doc. 6) targets only the original state-court Notice of Appeal (Doc. 1-1) and treats this case as if it remained an Alabama Rule 71B proceeding governed by Alabama state procedural rules. It does not. Once Kestra removed this action to federal court, the FAA supplied the operative procedural framework, and *Doc. 3 became the live federal vehicle for Mr. Eddins's challenge to the Award.*

(Doc. 9, p. 4) (emphasis added).

In reply, Defendants argue that Eddins cannot raise new claims or allegations – the Counterclaim and the Motion to Vacate - in a response to their Motion to Dismiss (doc. 12). However, in Eddins' Surreply, he points out that he did not raise new claims or allegations in his Response (doc. 13). Instead, he raised his new claims and allegations in his "Answer to Notice of Removal, Counterclaim, and Motion to Vacate Arbitration Award pursuant to 9 U.S.C. § 10" (doc. 13, citing doc. 3).

Again, in his Surreply, Eddins concedes that his Notice of Appeal under Rule 71B is not the operative pleading (doc. 13). He points out that "Defendants' entire Section II — arguing Rule 71B 'is not subject to tolling'— is therefore directed at the wrong limitation. Plaintiff does not need Rule 71B tolled; he needs only that his [9 U.S.C.] § 10 motion be timely under [9 U.S.C.] § 12" (doc. 13, p. 4, citing doc. 12, p. 3-4) (bracketed text added). In other words, Eddins

now relies solely upon his Motion to Vacate pursuant to 9 U.S.C. § 10 to challenge the arbitration award. Defendants have not moved to dismiss the Motion to Vacate.

Eddins' decision to concede is well-taken. In his Notice of Appeal, Eddins admits that he first received notice of the arbitration award on January 31, 2026 (doc. 1-1, ¶ 4). However, he argued as follows:

> 5. This Notice of Appeal is timely filed within forty-two (42) days of Mr. Eddins' receipt of notice of the Award, as provided by Rule 71B(b), Ala. R. Civ. P. and Rule 4(e), Ala. R. App. P.

(Doc. 1-1, ¶ 5). Despite any tolling argument he may have raised, the Notice of Appeal is clear that Eddins incorrectly interpreted the time for filing a Notice of Appeal of an arbitration award.

To the contrary, Rule 71B(b) states:

> (b) When Filed. The notice of appeal shall be filed within thirty (30) days after service of notice of the arbitration award. Failure to file within thirty (30) days shall constitute a waiver of the right to review.

Ala. R. Civ. P. 71B(b). That Rule 4(e) of the Alabama Rules of Appellate Procedure may provide 42 days to file an appeal of a civil action does not extend the 30-day deadline in Rule 71B(b) to file a notice of appeal of an arbitration award. To find otherwise would render Rule 71B(b) meaningless.

Additionally, Rule 71B(c) specifically states that the "notice of appeal shall be filed with the clerk of the circuit court where the action underlying the arbitration is pending or if no action is pending in the circuit court, then in the office of the clerk of the circuit court of the county where the award is made." Ala. R. Civ. P. 71B(c). Since no "action underlying the arbitration" was pending in any Alabama circuit court and the award was made in New Orleans, Louisiana, there is no county in Alabama where Eddins may file his Notice of Appeal.

Accordingly, Defendants' Motion to Dismiss the Notice of Appeal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, is GRANTED and the Notice of Appeal is DISMISSED.[9]

B. Eddins' Motion for Leave to Amend his Notice of Appeal

Even though Eddins concedes deficiencies in his Notice of Appeal and asserts that it is no longer the "operative pleading", he argues that if the Court finds "that any pleading defect exists in the original state-court Notice of Appeal", the Court should grant him "leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2)" (doc. 9, p. 36). Eddins' Motion is DENIED as futile. The primary pleading defects – alleging in the Notice of Appeal that it must be filed within 42 days of service instead of 30 days as required by Rule 71B and the impossibility of properly filing the Notice of Appeal in any circuit court in any county in the State of Alabama because the award was made in New Orleans, Louisiana and because there was no underlying arbitration in an Alabama court – cannot be cured by amendment. See Ala. R. Civ. P. 71B(b) & (c).

C. Eddins' amendment to his claims

Defendants also argue that Eddins "cannot amend his claims through his opposition" to the Motion to Dismiss (doc. 12, p. 2). They argue that Eddins'

> Opposition attempts to fundamentally rewrite the nature of this case. His NOA was brought pursuant to Alabama Rule of Civil Procedure 71B ("Alabama Rule 71B") and Alabama Rule of Civil Procedure 59. [The Notice of Appeal] did not

[9] Since the Court has granted Defendants' Motion to Dismiss the Notice of Appeal for failure to state a claim, the Court need not address Defendants' argument that the Notice of Appeal should be dismissed for improper venue under 28 U.S.C. § 1391 (doc. 6, p. 6-8). However, the Motion would have been due to be denied. See Hollis v. Florida St. Univ., 259 F. 3d. 1295, 1299 (11th Cir. 2001) ("In removed actions the general venue provision, 28 U.S.C. § 1391, does not apply. Instead, § 1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district. Thus, once a case is properly removed to federal court, *a defendant cannot move to dismiss on § 1391 venue grounds*.") (emphasis added).

> assert a standalone federal cause of action under the FAA, did not plead the federal theories now advanced throughout the Opposition, and did not include the extensive federal vacatur arguments he now raises. Mr. Eddins cannot now accuse Defendants of ignoring the FAA—which is irrelevant to his state law claims—simply because Defendants addressed the filing actually before them. Holding otherwise would be contrary to the law and impart significant prejudice onto Defendants.

(Doc. 12, p. 3) (bracketed text inserted).

However, Eddins' "federal theories" were not first "advanced" in his Opposition. In his Notice of Appeal, Eddins asserted six grounds for vacating the arbitration award (doc. 1-1): (a) that the "Award was procured by undue means …", (b) that the "Arbitrator was guilty of misconduct …", (c) that the "Arbitrator exceeded her powers …", (d) that he "was denied a fundamentally fair hearing" because his motion to relocate the hearing was denied, (e) that the FINRA portal and email systems for communicating with Eddins were compromised which impaired his ability to respond to FINRA, and (f) that the "termination that triggered the Event of Default under the Promissory Note was itself the product of whistleblower retaliation" (Id.).

Although Eddins did not specifically cite to 9 U.S.C. § 10, his grounds reflect paragraphs 10(a)(1) "where the award was procured by … undue means", 10(a)(3) "where the arbitrators were guilty of misconduct…or of any other misbehavior by which the rights of any party have been prejudiced", and 10(a)(4) "where the arbitrators exceeded their powers…" of Section 10. The Court acknowledges that Alabama law provides for challenging the finality of an arbitration award if the "arbitrators are guilty of fraud, partiality, or corruption in making it." Ala. Code § 6-6-14. Thus, arguably, Eddins' Notice of Appeal would have been clearer if he had cited the statute upon which he relied, but that failure does not eliminate the federal grounds for relief.

Also, Eddins filed a Motion to Vacate pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 10 (doc. 3, p. 3-15) which he considers as superseding his Notice of Appeal (doc. 9, p.

9-10). While Defendants provide case law indicating that a party cannot assert new claims by way of an opposition to a motion to dismiss or motion for summary judgment (doc. 12, p. 2-3), Defendants have not presented any argument that Eddins was procedurally or legally precluded from filing a Motion to Vacate pursuant to the FAA after Defendants removed the action to federal court.

III. Conclusion

For the reasons set forth herein, Defendants' Motion to Dismiss the Notice of Appeal pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED and Eddins' Motion for Leave to Amend the Notice of Appeal is DENIED.

Eddins' Notice of Appeal is dismissed. However, Eddins' Motion to Vacate remains pending.

The Clerk is directed to terminate the Defendants' Motion to Dismiss (doc. 6).

**DONE** and **ORDERED** this 9th day of September, 2026.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**