**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES F. EDDINS II,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 26-00138-KD-MU** |
| | ) | |
| **KESTRA FINANCIAL, INC., and KESTRA INVESTMENT SERVICES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This action is before the Court on Defendants Kestra Financial, Inc, and Kestra Investment Services, LLC's Motion to Stay pending a ruling from the Western District of Texas in the first-filed action (doc. 6, p. 1, 9), Plaintiff James F. Eddins II's opposition to the Motion to Stay and alternative Motion to Transfer the first-filed action from Texas to this District pursuant to 28 U.S.C. § 1404(a) (doc. 9, p. 6-7, 27-35), Eddins' "Cross-Motion to Transfer" same (doc. 10),[1] Defendants' Reply in opposition to the alternative Motion to Transfer (doc. 12, p. 8).[2] Eddins' Reply in support of his Cross-Motion to Transfer (doc. 13), and Eddins' Notice of Filing

[1] Eddins filed a Motion to Seal (doc. 14) Exhibit A to his Supplemental Declaration and a Supplement to the Motion to Seal (doc. 17) wherein he moves to seal Exhibits A through F. Eddins provides the Exhibits for in camera review (doc. 18, notice of conventional filing). Exhibit A is referenced in the Supplemental Declaration (doc. 15-1). Exhibits A through F are filed under seal (doc. 19-1 through 19-6). Eddins argues that these Exhibits contain multiple account numbers, "related account identifiers" and credentials for registration and holding of fourteen domains at web service entities including Amazon Web Services for which he "has been denied access since on or about October 16, 2023" and are alleged to be "under unauthorized third-party control." Eddins argues that public disclosure increases the risk of further unauthorized access to his accounts. Upon consideration, the Motion to Seal is GRANTED.

[2] Defendants did not separately respond to Eddins' Cross Motion to Transfer (doc. 10).

Supplemental Declaration in support of his Cross-Motion to Transfer and Supplemental Declaration (docs. 15, 15-1).

I. Background

The background is set out in the Order addressing Defendants' Motion to Dismiss the Notice of Appeal.

II. Defendants' Motion to Stay and Eddins' Motion to Transfer

Defendants move this Court to "stay proceedings pending a ruling from the Western District of Texas on the first-filed action" (doc. 6, p. 1). Defendants argue that in the Eleventh Circuit, when actions are filed in two different courts that involve substantially the same parties and issues, there is a presumption, the "first-filed rule", that the first-filed court is the appropriate court to adjudicate the merits of the issues and to determine whether the first-filed rule applies to both actions. Defendants argue that Eddins, as the party opposing the action continuing in the first-filed court, has failed to show compelling or extraordinary circumstances which warrant an exception to the first-filed rule, but instead the factor weigh in favor of Texas as the proper forum (doc. 6, p. 7-8; doc. 12, p. 6).

Eddins argues that the first-filed rule is a "discretionary doctrine of comity" which does not mandate deferral to Texas and should not be mechanically applied. Eddins argues that this Court has "authority to determine, in the first instance whether compelling circumstances exist" and need not defer to the first-filed court to make this determination (Id., p. 28). And if compelling circumstances exist, then this Court should grant his "Cross-Motion to Transfer … and transfer" the action pending in Texas "to this Court for consolidation or coordinate with the Western District of Texas to effect such transfer" (doc. 9, p. 26; doc. 10, p. 1-2, 13).

Eddins argues that compelling and extraordinary circumstances exist because the Defendants' first-filed action was based on "forum-shopping,[3] anticipatory filing,[4] bad faith, concealment,[5] and inequitable conduct" (doc. 9, p. 27, 27-34). Eddins also argues that each of the nine relevant factors "endorsed" in Manuel v. Convergys Corp., 430 F. 3d 1132, 1135 n. 1 (11th Cir. 2005)[6] either weigh in favor of transfer and consolidation, or are neutral (doc. 10, p. 7-11 (addressing factors seriatim); doc. 9 p. 33-34).

---

[3] Eddins argues that Defendants' "litigation strategy" was to file first in Texas on March 6, 2026, then remove the Alabama action to this Court on April 14, 2026, and then move to dismiss or stay in deference to the Texas action. He argues that the "cumulative chronology" of Defendants' filings in this Court and the Texas court show a "coordinated effort to compress" his "preparation window across two parallel federal forums simultaneously by counsel acting in concert." (doc. 9, p. 32). He also argues that Defendants "forum manipulation" included their disregard of paragraph 12 in the Promissory Note which specified Dallas County, Texas as the forum for actions arising under the Note (doc. 9, p. 31-32). Eddins is incorrect. The Note did not mention Dallas County, Texas. Paragraph 12 applies to "Disputes" and states that FINRA will have jurisdiction over controversies and disputes. The Paragraph also states that "Venue shall be proper in the closest FINRA hearing location to Austin, Texas." (doc. 6-1, p. 19).

[4] Eddins argues that his intent to file a Notice of Appeal in Alabama "was a matter of record in the parallel FINRA OHO expedited proceedings" and that "the same-preparation activity also resided on Mr. Eddins's own business infrastructure" which had been compromised (Id., p. 29). From this, Eddins argues that "the information about [his] filing intent was outside his exclusive control by March 5" (Id.). Eddins also argues that the Petition to Confirm was premature because the "arbitration award was not yet final for purposes of confirmation: the FAA's three-month vacatur period under 9 U.S.C. § 12 remained open through at least March 24, 2026" and the related FINRA hearing was set for March 16, 2026. From this, he reasons that Defendants' filing was anticipatory.

[5] Eddins points out that Defendants did not list the Texas action as a related case on the Civil Cover Sheet for the Notice of Removal in this Court (doc. 9, p. 30-31; doc. 10, p. 12). He cites "S.D. Ala. Civ. L.R. 3.1"[5] and argues that Defendants "concealed" the existence of the earlier filed action and lacked candor to the Court. Eddins argues that this concealment is part of the inequitable conduct that justifies an exception the first-filed rule (doc. 9, p. 31).

[6] In Manuel, the Eleventh Circuit discussed the "factors relevant in deciding whether to hear a declaratory judgment action…" 430 F. 3d at 1135. The Eleventh Circuit explained that it had previously considered "convenience of the parties and the forum's connection with the controversy as relevant, albeit nonexclusive factors" and that "[s]ome courts simply apply the same general factors that are considered in a motion to transfer under 28 U.S.C. § 1404(a)." The Eleventh Circuit set out the nine factors in Footnote 1. In Collegiate Licensing, 713 F. 3d 71, the

In the Eleventh Circuit, the "first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d 71, 78 (11th Cir. 2013) (citation omitted). The Eleventh Circuit has "held that '[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.'" Id. (quoting Manuel, 430 F.3d at 1135 (citations omitted)). "The first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." Id. (citations omitted). Thus, the Western District of Texas, as the first-filed court, should decide whether the action removed to this Court should be "dismissed, stayed, or transferred and consolidated." Id.

Eddins does not dispute that the two actions concern the same arbitration award and the same parties. He does not dispute that the Texas action was filed approximately six hours before the Alabama action.[7] Instead, Eddins attempts to alter the procedure by arguing that this Court, the second-filed action, should decide whether the first-filed rule applies and, if so, effect a transfer from Texas to Alabama. The Court disagrees. "District courts across the Eleventh

---

Eleventh Circuit found that the district court as the first-filed court, did not err in finding that the § 1404 factors did not justify an exception to the first-filed rule.

[7] In that regard, Eddins argues that the "Eleventh Circuit has expressly recognized that '[c]ourts also pay little regard to the date of filing when the competing suits were commenced within days of each other.' *Manuel*, 430 F. 3d at 1135 n.1" (doc. 9, p. 29). The Court was unable to locate this quote in Manuel v. Convergys Corp., 430 F. 3d 1132, 1135 (11th Cir. 2005). Eddins also argues that the "decisions *Manuel's* footnote endorses show how forgiving that doctrine is to nearly simultaneous filings" (Id.). However, footnote 1 sets out the factors for 28 U.S.C. § 1404 and does not list the cited cases. None of the footnotes in Manuel, cite to the cases that Eddins has listed.

Circuit have held that the first-filed court should decide whether to apply the first-filed rule." Humbert v. Bytedance, Inc., 2025 WL 2412155 (N.D. Fla. 2025) (collecting cases); See Border States Industries, Inc. v. Nisewonger, 2026 WL 131294 (N.D. Fla. 2026) ("There is no dispute that the Court has jurisdiction over this case, and because the case was filed before the Alabama suit, the undersigned is obligated to decide whether the first-filed rule applies."). Since any decision regarding the first-filed rule should be decided by the Western District of Texas, Eddins' Motion to Transfer the Texas action to this Court (docs. 9, 10) is DENIED.

Accordingly, Defendants' Motion to Stay is GRANTED. This action is stayed pending a decision by the Western District of Texas as to the first-filed rule. The parties are ORDERED to file a status report, on or before December 22, 2026, to advise the Court as to the status of Texas action.

**DONE** and **ORDERED** this 9th day of September 2026.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**